UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARQUEZ RAVONE CLARK,<br><br>    Plaintiff<br><br>v.<br><br>ERIC EVANS, et al.,<br><br>    Defendants | Case No.: 3:23-cv-00349-RCJ-CSD<br><br>**Order** |

On July 12, 2023, an application to proceed *in forma pauperis* (IFP) was filed, with the plaintiff listed as Marquez R. Clark, who is an inmate in the Washoe County Detention Facility (WCDF). (ECF No. 1.) The IFP application was accompanied by a civil rights complaint by an inmate. At the top of the complaint, the name and inmate booking number is listed as "Jason Moore" with inmate number 2300988; however, the plaintiff is again listed as Marquez Ravone Clark. (ECF No. 1-1.)

It is unclear whether Jason Moore is an alias for Marquez Ravone Clark, or if Jason Moore is filing this action on behalf of Marquez Ravone Clark. An inmate search on WCDF's website reveals there is a Jason Moore, inmate number 2300988 in the custody of WCDF. However, there is no inmate by the name of Marquez Ravone Clark.

First, if Mr. Moore and Mr. Clark are not the same person, Mr. Moore is not permitted to file a lawsuit on behalf of another inmate unless he is a lawyer licensed in the State of Nevada. A search of the Nevada State Bar's website does not reflect a Jason Moore is licensed to practice law in Nevada.

Second, the Plaintiff, whether it be Mr. Moore or Mr. Clark, has not filed a complete IFP application for an inmate.

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $402, consisting of the $350 filing fee and a $52 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $402 filing fee. If the inmate qualifies for IFP status, the $52 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

The IFP application submitted was not on the form for an inmate, and is not accompanied by the required financial certificate.

## CONCLUSION

(1) Mr. Moore or Mr. Clark have **30 days** from the date of this Order to file a notice clarifying **who** the plaintiff in this action is and file an amended complaint that reflects the actual plaintiff.

(2) If Mr. Moore is not the plaintiff in this action, he shall also have **30 days** to show cause why he should not be sanctioned for engaging in the unauthorized practice of law in the State of Nevada.

(3) Whomever is the correct Plaintiff, has **30 days** from the date of this order to file a complete IFP for an inmate with the required financial certificate or pay the $402 filing fee. The Clerk shall **SEND** a copy of the instructions and application to proceed IFP for an inmate.

(4) Once a completed IFP application and financial certificate is filed or the filing fee is paid, and an amended complaint is filed, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

(5) If a completed IFP application and financial certificate is not filed and the filing fee is not paid, or if an amended complaint is not timely filed, the court will recommend dismissal of this action.

(6) In an abundance of caution, the Clerk shall **SEND** this Order to the attention of both Jason Moore and Marquez Ravone Clark at the WCDF.

**IT IS SO ORDERED**.

Dated: August 9, 2023

_____
Craig S. Denney
United States Magistrate Judge