# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARQUES RAVONE CLARK, AKA JASON MOORE,<br><br>Plaintiff<br><br>v.<br><br>ERIC EVANS, et al.,<br><br>Defendants | Case No.: 3:23-cv-00349-RCJ-CSD<br><br>**Order**<br><br>ECF Nos. 1, 5 |

On July 12, 2023, an application to proceed *in forma pauperis* (IFP) was filed, with the plaintiff listed as Marquez R. Clark, and it is indicated that he is an inmate in the Washoe County Detention Facility (WCDF). (ECF No. 1.) The IFP application was accompanied by a civil rights complaint by an inmate. At the top of the complaint, the name and inmate booking number is listed as "Jason Moore" with inmate number 2300988; however, the plaintiff is again listed as Marquez Ravone Clark. (ECF No. 1-1.)

On August 9, 2023, the court issued an order stating it was not clear whether Jason Moore is an alias for Marquez Ravone Clark, or if Jason Moore is attempting to file this action on behalf of Marquez Ravone Clark. An inmate search of WCDF's website revealed there is a Jason Moore, inmate number 2300988, in the custody of WCDF. However, there is no inmate by the name of Marquez Ravone Clark.

The court advised that if Mr. Moore and Mr. Clark are not the same person, Mr. Moore is not permitted to file a lawsuit on behalf of another inmate unless he is a lawyer licensed in the State of Nevada. A search of the Nevada State Bar's website did not reflect a Jason Moore is licensed to practice law in Nevada.

In addition, the plaintiff, whether it be Mr. Moore or Mr. Clark or Mr. Moore aka Mr. Clark or vice versa, did not file a complete IFP application for an inmate.

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $402, consisting of the $350 filing fee and a $52 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $402 filing fee. If the

inmate qualifies for IFP status, the $52 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

The IFP application submitted (ECF No. 1) was not on the court's form for an inmate, and was not accompanied by the required financial certificate or the trust account statement.

The court gave Mr. Moore or Mr. Clark until September 8, 2023, to file an amended complaint reflecting the actual plaintiff. Alternatively, if Mr. Moore is not the plaintiff in this action, he was given until September 8, 2023, to show cause why he should not be sanctioned for engaging in the unauthorized practice of law. In any event, the correct plaintiff was also required to file a completed IFP application for an inmate or pay the $402 filing fee. The court advised that once a completed IFP application was filed or the filing fee was paid, the court will screen the complaint, and that even if granted IFP status, the plaintiff is still required to pay the filing fee over time if the complaint is dismissed. (ECF No. 4.)

On August 21, 2023, a second IFP application was filed. (ECF No. 5.) A proposed amended complaint was filed that same day. (ECF No. 6.)

The IFP application for an inmate contains the name of Plaintiff Marquez Ravone Clark. The envelope contains a return address for Marquez Ravone Clark, AKA Jason Moore, inmate number 2300988. He did not include the copy of his trust fund account statement for the previous six month period *or* a financial certificate that is *signed by the jail official*. (ECF No. 5.) The proposed amended complaint also indicates that Marquez Ravone Clark is also known as Jason Moore, inmate number 2300988. (ECF No. 6.)

Plaintiff's IFP application remains incomplete; therefore, the prior to IFP applications (ECF Nos. 1, 5) are denied without prejudice, and Plaintiff will be given one final opportunity to file a complete IFP application for an inmate or pay the filing fee. If he does so, the court will

then screen his amended complaint. Plaintiff is cautioned again that even if he is granted IFP status, he is still responsible for paying the $350 filing fee over time even if this action is dismissed. He is further cautioned that a failure to file a completed IFP application will result in a recommendation for dismissal of this action without prejudice.

**CONCLUSION**

(1) The two prior IFP applications (ECF Nos. 1, 5) are **DENIED WITHOUT PREJUDICE**.

(2) The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application or pay the full $402 filing fee. The application must be accompanied by all of the required documents, including:

(a) the completed **application to proceed IFP for an inmate** on the court's approved form (i.e., pages 1-3 with the inmate's two signatures on page 3);

(b) a **financial certificate** properly signed by both the inmate and a prison or jail official (i.e., page 4 of the court's approved form); and

(c) a copy of the inmate's jail **trust fund account statement for the previous six month period**.

(3) The IFP application must include Plaintiff's true legal name and inmate number as well as any alias. *I.e.*, he must include Jason Moore and the inmate number and his alias, Marquez Ravone Clark.

(4) Once Plaintiff has filed his completed IFP application and financial certificate or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

(5) If Plaintiff fails to timely file a completed IFP application or pay the filing fee, the court will recommend dismissal of this action without prejudice.

**IT IS SO ORDERED**.

Dated: September 12, 2023

_____
Craig S. Denney
United States Magistrate Judge